SUPREME COURT PROCEEDINGS—Continued

No. 17327—Mary A. Aldrich v. The City of Youngstown. Error to the court of appeals of Mahoning county.

MUNICIPAL LAW—(1) Policeman's acts not ministerial and municipality not liable—(2) Not for their negligent acts.

JONES, J.:

1. The creation and maintenance of a police department by a muunicipality are done in the exercise of its governmental functions. The performance of an act by an official of such department is not the performance of a ministerial act for which a municipality becomes liable under the maxim, respondeat superior.

2. A municipal corporation is not, in the absence of a statutory provision, liable in damages to one injured for the negligent acts of its police department, or any of its members.

(Fowler, Admx., v. City of Cleveland, 100 Ohio St., 158, overruled; Frederick, Admx., v. City of Columbus, 58, Ohio St., 538, and Wheeler v. City of Cincinnati, 19 Ohio St., 19, followed and approved.)

Judgment affirmed and judgment for defendant in error.

Marshall, C. J., Hough, Robinson, Matthias and Clark, JJ., concur. Wanamaker, J., dissents.

---

No. 17485—The East Ohio Gas Company v. The City of Cleveland. Error to the court of appeals of Cuyahoga county.

MUNICIPAL CONTRACTS—(1) Former decisions followed—(2) Supreme court decisions final—from date rights of parties to contract attached—until overruled or reversed—(3) U. S. supreme court decisions not effective, when—(4) GAS RATES, courts no power to fix—(5) Secs. 504-2, 3, ex post facto invalid so far as applied to existing contracts.

ROBINSON, J.:

1. Paragraphs 2 and 4 of the syyabus in the case of East Ohio Gas Co. v. City of Akron, 81 Ohio St., 33, are approved and followed.

2. When a pronouncement of a principle of law governing the construction of a provision of a contract entered into in this state between parties residing in this state to be performed in this state is announced by this court, such pronouncement settles the law as to such provisions, not only from the date of such pronouncement but from the date when the rights of the parties to such contract attached, until such pronouncement is overruled by this court, or reversed by the supreme court of the United States.

3. The fact that the supreme court of the United States reaches a different conclusion in construing a similar provision in a particular case under dissimilar circumstances is not effective to overrule such pronouncement.

4. Rate-fixing is not a judicial function, and courts are without power to fix rates, as such, between municipalities and public utilities.

5. The legislature in the enactment of Sections 504-2 and 504-3, General Code, in so far as it attempted to make the provisions thereof applicable "to all such service now rendered and facilities furnished" was without power in that respect for the reason that application of the act to existing contracts violates the provision of Section 28, Article II

of the constitution of Ohio, "The general assembly shall have no power to pass retroactive laws, or laws impairing the obligation of contracts," and the provision of Section 10, Article I, of the constitution of the United States, "No state shall . . . pass any . . . law impairing the obligation of contracts."

Judgment reversed.

Hough, Wanamaker, Jones, Matthias and Clark, JJ., concur. Marshall, C. J., dissents.

---

No. 17103—John J. Meyer v. The Packard Cleveland Motor Company. Error to the court of appeals of Cuyahoga county.

AUTOMOBILE CONTRACTS—(1) Newspaper ads and circulars, as to rebuilt trucks, competent evidence for purchasers—(2) Waivers in orders, do not exempt such general ads—(3) Repairs, accounts for, question of necessity for is for jury.

WANAMAKER, J.:

1. Where one is engaged in the manufacture and sale of motor trucks, and the rebuilding of its used trucks, newspaper ads or circulars touching rebuilt trucks, authorized and published by such motor company to the general trade, are competent evidence in behalf of the purchaser of any such truck, who knows of such ad and relies upon the same, unless it appears from the special contract signed by the parties touhcing such sale, that such special contract withdrew or altered the representations made in such general ad.

2. The language of a written order or contract of sale,—"All promises, verbal agreements, or agreements of any kind pertaining to this purchase not specified herein, are hereby expressly waived,"—does not exempt such contract from the force and effect of such general advertisement touching the character and quality of a truck in process of rebuilding when such contract was executed.

3. In a suit on account for work and repairs done upon a truck in process of reconstruction, as aforesaid, when sold pursuant to such general ad and a written contract as aforesaid, the question whether or not such repairs or any part of them were made necessary by the defective rebuilding of the truck within the terms of such general ad and the written order for such rebuilt truck, is a question for the jury under proper instructions.

Judgment reversed.

Hough, Jones and Matthias, JJ., concur.

Clark, J., took no part in the consideration or decision of the case.

Robinson, J., concurs in proposition one of the sylabus but does not concur in proposition two and three.

---

No. 17566—Clyde Harper v. The State of Ohio. Error to the court of appeals of Allen county.

CRIMINAL LAW—(1) Cross examination of defendant as to forming convictions—(2) Not competent as to ordinances—(3) If denied, record of conviction competent in rebuttal—(4)—Not to be impeached by defendant—(5) Not merely collateral to inquiry.

WANAMAKER, J.:

1. Under Section 13659, General Code, the defendant in a criminal prosecution may be cross-examined as to his conviction of crime under state or federal laws.

2. His conviction under a city ordinance is not competent. (Coble v. State, 31 Ohio St., 100, approved and followed.)