THE CINCINNATI TRACTION CO. v. STORY, AN INFANT,
BY ETC.

*Negligence—Passenger injured in collision between street car and fire truck—Judgment sustained where amount of verdict "divided equally between each defendant"—Not error to dismiss city after verdict rendered.*

1. In an action brought by a passenger against a traction company and a city, to recover for injuries sustained as the result of a collision between the car of the defendant company, on which plaintiff was a passenger, and one of the city's fire trucks, the jury returned a verdict for $1,500 in favor of plaintiff, and wrote into the verdict, "$1500, divided equally between each defendant." *Held:* That since the question submitted to the jury was whether plaintiff was injured, and, if so, whether it was due to defendants' negligence, and the amount of damages, if any, the view expressed by the jurors as to the payment being divided between the defendants is surplusage and cannot be made the basis for reversing the judgment.

2. In such action the order of the court, after the verdict was rendered, dismissing the city from the case, was not erroneous.

(Decided May 7, 1923.)

ERROR: Court of Appeals for Hamilton county.

*Mr. James G. Stewart,* for plaintiff in error.
*Messrs. Littleford & Ballard,* for defendant in error.

CUSHING, J. On December 10, 1919, plaintiff, Iris M. Story, a young girl fourteen years of age,

---

[1] Appeal and Error, 4 C. J. § 3204 (Anno.); Trial, 38 Cyc. pp. 1890, 1891; [2] Municipal Corporations, 28 Cyc. p. 1304.

was a passenger on one of the cars of the Cincinnati Traction Company, westbound on McMillan street, Walnut Hills. On reaching Stanton avenue, one of the fire trucks of the city of Cincinnati and the street car came into collision. The street car was knocked from the tracks. Plaintiff was injured. Subsequently she brought an action against both the city of Cincinnati and the street car company. The jury returned a verdict of $1,500 in her favor, and wrote into the verdict the following: "$1,500, divided equally between each defendant."

Subsequently motions for a new trial were filed by the city and the traction company. The Court of Common Pleas granted the motion of the city and overruled the motion of the traction company. A part of the entry in question is the following:

"On consideration overrules the motion for a new trial of the defendant, the Cincinnati Traction Company, and grants the motion for a new trial of the defendant, the City of Cincinnati.

"It is therefore considered by the court that said defendant, the City of Cincinnati, go hence without day."

The court then proceeded to render judgment against the traction company for $1,500.

The court's order in dismissing the city of Cincinnati was erroneous, unless there was no liability on the part of the city. The better practice would have been to have determined the liability of the city before, rather than after, verdict.

After much judicial uncertainty, it has finally been established in Ohio that a municipality in the operation of its fire and police departments is not liable in damages for the acts of its officers and employes in the discharge of their duties. *Aldrich*

v. *City of Youngstown,* 106 Ohio St., 342, and *Board of Education of the School District of the City of Cincinnati* v. *McHenry, Jr.,* 106 Ohio St., 357.

In the *Aldrich case* the court said, speaking through Jones, J., at page 347:

"Counsel for plaintiff in error insist, however, that this court, in *Fowler* v. *Cleveland, supra,* has announced a rule of liability that requires a reversal of the instant case. This court is of the opinion that there is no difference in principle between this and the *Fowler case,* and upon its re-examination has decided to overrule the latter. In doing so we are adhering to the principle announced in *Wheeler* v. *Cincinnati,* 19 Ohio St., 19, which has not been overruled by this court, the syllabus whereof is as follows: 'The power conferred by the statute, on cities of this state, to organize and regulate fire companies, and provide engines, etc., for extinguishing fires, is, in its nature, legislative and governmental; and a city is not liable to individuals for damage resulting from a failure to provide the necessary agencies for extinguishing fires, or from the negligence of officers or other persons connected with the fire department.' I have not extended this opinion or alluded to the reasoning stated in the dissenting opinion, because my views are more fully expressed in *Fowler* v. *Cleveland, supra,* beginning at page 179."

In view of this holding, it was not error for the court to dismiss the city as it did.

On the question of the liability of the traction company, the only question presented is the weight of the evidence. The controversy between the city of Cincinnati and the traction company seems to have been to fix the responsibility on each other,

rather than to show a failure of liability to the plaintiff.

Another question presented for consideration was the attempt of the jury to direct the part of the verdict that each defendant should pay. The question submitted for the determination of the jury was whether or not the plaintiff below was injured; if so, whether that injury was due to the negligence of the defendants, or either of them, and the amount she was entitled to recover, if any. The law fixes the liability of joint tort-feasors, and any view the jurors may have had or expressed as to the payment was surplusage, and cannot be made the basis for reversing the judgment of the court below.

In view of the determination that the city is not liable for the acts of its fire department, and of the well-established principle of law that the traction company owes to the plaintiff the highest degree of care consistent with the operation of its road, the judgment of the Court of Common Pleas will be affirmed.

*Judgment affirmed.*

BUCHWALTER and HAMILTON, JJ., concur.