KOEBORLE v. GREEN.

Ohio Appeals, 9th Dist., Summit Co.

No. 1269. Decided Dec. 21, 1927.

First Publication of this Opinion.

Syllabus by Editorial Staff.

620. IMPEACHMENT—337. Cross Examination—Witness may be impeached, on cross examination, by asking him if he has not been convicted of offense under state law, whether same is misdemeanor or felony.

1266. WEIGHT OF EVIDENCE—Conflict in evidence makes issues thereof clearly ones for decision by jury.

Error to Common Pleas.

Judgment affirmed.

Benner, Harter, Walker & Watters, Akron, for Koeborle.

Rockwell & Grant, Akron, for Green.

FULL TEXT.

PARDEE, J.

In this court the parties are in the reverse order of that in the Court of Common Pleas, but will be referred to in this opinion as they were in that court.

Bessie Green started an action at law in the Court of Common Pleas against John B. Koeberle to recover damages for personal injuries which she sustained when an automobile in which she was a passenger, came into collision with one driven by the defendant, on the 23rd day of November, 1924, at the intersection of Dodge avenue and W. Exchange street, in Akron. Upon the issues being submitted to a jury, a verdict was returned for the plaintiff, and a judgment was entered thereon in her favor, and the case is here on error to reverse that judgment.

The defendant alleges that the following errors occurred in the trial, to wit: first, that the trial court erred in allowing counsel for the plaintiff, in the cross-examination of the defendant, to question the defendant concerning an alleged conviction under the Crabbe act; second, that the court erred in not fully and properly stating and explaining the issues to the jury; third, that the verdict is contrary to law and is not supported by sufficient evidence; fourth, that the damages awarded were clearly excessive and were given under the influence of passion and prejudice; and fifth, that the court erred in permitting certain questions, asked by plaintiff's counsel, to be answered, and in refusing to permit certain questions to be answered by the defendant.

We will consider the various alleged errors in the order as hereinbefore stated.

First. It has long been the settled rule that the credibility of a witness may be attacked in one of several ways—one of which is to ask him, on cross-examination, if he has not been convicted of a crime; and it has been held that his credibility cannot be attacked by showing that he has been convicted of an offense under a city ordinance.

When the defendant was upon the stand, testifying in his own behalf, he was asked several times by the attorney for the plaintiff if he had ever been convicted of an offense under the state or Federal laws, and had given evasive answers to the questions propounded to him in relation thereto—all without objection or exception—until finally he was asked if he had not been convicted of violating the Crabbe act of the state of Ohio—to which question an objection was sustained and the defendant did not answer the question. In the questions which were propounded, the attorney did not limit himself to offenses of a felonious character, and the defendant claims that this line of questions was improper, unless the questions were confined to felonies and were so framed to exclude misdemeanors.

As we understand the law to be, a witness may be impeached, on cross-examination, by asking him if he has not been convicted of an offense under the state law, whether the same

is a misdemeanor or a felony. (31 OS. 100; 106 OS. 481.) We therefore find no error in this regard.

The next complaint made by the plaintiff in error is that the issues were not fully stated and explained to the jury by the trial judge in his charge.

While there is some justification for a criticism, we find, from a reading of the whole charge, that the jury were sufficiently instructed upon the issues made in the case, and that there were no errors in the charge prejudicial to the plaintiff in error.

The third and fourth grounds of complaint made by the plaintiff in error are that the verdict is contrary to law and is not supported by sufficient evidence, and that the damages were clearly excessive and were given under the influence of passion and prejudice.

We have fully read and considered all the evidence offered upon the trial in this case, and we find there is a sharp conflict in the evidence upon certain important phases of the case. The conflict makes the issues thereon clearly ones for decision by the jury, and we are unable to say that the decision as made is contrary to law and is not supported by sufficient evidence; and we are unable also to say that the damages awarded were excessive and we find no evidence that the verdict was brought about through the influence of passion and prejudice.

The last complaint made in the brief of plaintiff in error has regard to the admission and rejection of evidence.

We have carefully considered these alleged errors, and are unable to find any error in the rulings on evidence prejudicial to the plaintiff in error.

Not finding any errors prejudicial to the plaintiff in error and which prevented him from having the fair and impartial trial guaranteed to him by the constitution and laws of this state, the judgment is affirmed.

(Washburn, PJ., and Funk, J., concur.)