250 F.2d 700
 Frank CUIKSA, Appellant,
v.
The CITY OF MANSFIELD et al., Appellees.
Clark Denny HERTZLER, Appellant,
v.
The CITY OF MANSFIELD and Glen W. Marriott, Appellees.
Frank L. SMITH, Appellant,
v.
The VILLAGE OF BUTLER, Robert E. Harris and Ronald Thompson,
Appellees.
 Nos. 13219, 13220, 13228.
 United States Court of Appeals Sixth Circuit.
 Dec. 20, 1957.
 
 C. F. Brown, Norwalk, Ohio, for appellants.
 H. M. Rust, Mansfield, Ohio, on the brief, for appellants Cuiksa and C. D. Hartzler.
 Ralph E. Johns, Mansfield, Ohio, on the brief, for appellant Frank L. Smith.
 Leslie R. Ulrich, Robert E. Lee (of Jamison, Ulrich, Hope, Johnson & Burt), Cleveland, Ohio, Lydon H. Beam (of Beam & Beam) and Robert E. Mabee, Mansfield, Ohio, on the brief, for appellees.
 Before ALLEN, McALLISTER and MILLER, Circuit Judges.
 SHACKELFORD MILLER, Jr., Circuit Judge.
 
 
 1
 These three appeals, involving similar factual situations and the same questions of law, were heard together on separate records. They will be discussed jointly in this one opinion.
 
 
 2
 In each case the plaintiff brought suit in the United States District Court under the Civil Rights Act, Section 1983, Title 42 U.S.C.A.; Section 1343, Title 28 U.S.C. claiming substantial damages by reason of alleged deprivation of rights and privileges secured by the Constitution by the defendants acting under color of a statute or ordinance.
 
 
 3
 In case No. 13,219, appellant was convicted in the Municipal Court of the city of Mansfield, Ohio, after a jury trial of disturbing the peace and good order of the city by drunken behavior, in violation of an ordinance of the city and fined $50.00. The conviction was affirmed by the Ohio Court of Appeals. The appellant thereafter brought this action for $250,000.00 damages against the city, the judge of the Municipal Court, and four police officers. Motions for summary judgment by the city and the judge were granted by the District Court, from which ruling an appeal was taken. The case is still pending in the lower court as to the four police officers.
 
 
 4
 In case No. 13,220, appellant was tried before a jury in the Municipal Court of the city of Mansfield, Ohio, for disorderly conduct and resisting a police officer. The jury found him not guilty on the first charge and guilty on the second. The conviction was reversed by the Common Pleas Court. The reversal was subsequently set aside by the Court of Appeals. This action was brought by the appellant for $250,000.00 damages against the city, the judge of the Municipal Court, four police officers, and the proprietor of a lunchroom. Motions for summary judgment by the city and the judge were granted by the District Court, from which ruling an appeal was taken. The complaint was dismissed as to the lunchroom proprietor, but is still pending in the lower court against the police officers.
 
 
 5
 In case No. 13,228, the appellant was tried in the Mayor's Court of the village of Butler, Ohio, for a minor traffic violation of passing on the right. There was no village ordinance making that an offense, although the Mayor, as ex-officio judge, thought there was and tried him under the theory. He was found guilty and fined $20.00 and costs, which he paid. After learning that there was no such ordinance, but that there was an Ohio statute which made such an act an offense, the Mayor vacated the judgment under the ordinance but ordered the appellant to appear and answer a charge of violating the State statute. He ordered a recognizance of $25.00 for his appearance and advised appellant's counsel that he would consider the find and costs paid as the recognizance but to inform him if the attorney desired otherwise. No new trial was ever held. The conviction remains set aside. The appellant brought this action for $200,000.00 damages against the village, the Mayor and ex-officio Judge of the Mayor's Court and the constable who executed the affidavit charging appellant with passing on the right. Motions for summary judgment by the three defendants were granted by the District Judge, from which ruling an appeal was taken.
 
 
 6
 The respective complaints alleged arbitrary, whimsical, capricious and illegal action on the part of the city or village in which the court was situated and on the part of the judicial officer trying the case. In view of the disposition which we make of the cases, it is unnecessary to go into the details of the respective trials. It is sufficient to say that the complaints charged highly irregular proceedings, which, if true, might well be found to constitute a denial of due process of law. We agree with the appellants that such alleged arbitrary and irregular procedure should not be allowed to exist in any of the courts of this country. However, the allegations were denied by the defendants and since the cases were disposed of as a matter of law on motions for summary judgment, there was no trial or findings on the factual issues on that aspect of the cases. Whether such arbitrary and irregular procedure took place and, if so, how it should be corrected, is not the question before us. We are restricted on these appeals to a consideration of the correctness as a matter of law of the granting of the motions for summary judgment.
 
 
 7
 The District Judge sustained the motions for summary judgment on the authority of our ruling in Kenney v. Fox, 6 Cir., 232 F.2d 288, certiorari denied Kenney v. Killian, 352 U.S. 855, 856, 77 S.Ct. 84, 1 L.Ed.2d 66, from which rulings these appeals were separately prosecuted.
 
 
 8
 In Kenney v. Fox, supra, we held, upon the authority of Bradly v. Fisher, 13 Wall. 335, 20 L.Ed. 646, and numerous other cases referred to in the opinion, that judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts where jurisdiction exists over the subject-matter and the defendant, even though such acts are in excess of their jurisdiction and are alleged to have been done maliciously or corruptly; that some of the most difficult questions which a judicial officer is called upon to consider and determine relate to his jurisdiction, or that of the court held by him, or the manner in which the jurisdiction shall be exercised; that the manner and extent in which the jurisdiction is exercised are generally as much questions for the determination of the judge as other questions involved in the case, although upon the correctness of his determination in these particulars the validity of the judgment may depend; that against the consequence of their erroneous or irregular action, from whatever motives proceeding, the law has provided for private parties numerous remedies, and to those remedies they must, in such cases, resort; that for malice or corruption in their action whilst exercising their judicial functions within the general scope of their jurisdiction, the judges of these courts can only be reached by public prosecution in the form of impeachment, or in such other form as may be specially prescribed; that such a rule is necessary as a matter of public policy for the protection of judges against disappointed litigants who, in attempting to seek redress through civil action against a judge who has decided a case against them, could always include in their complaint allegations of malicious or corrupt motives.
 
 
 9
 As shown by the cases referred to in that opinion, this principle of law is of ancient origin and well settled, and was not abrogated or modified by the passage of the Civil Rights Act. In our opinion, this is the necessary conclusion to be drawn from the recent opinion of the Supreme Court in Tenney v. Brandhove, 341 U.S. 367, 71 S.Ct. 783, 95 L.Ed. 1019, which we regard as controlling on this issue. Appellants rely chiefly upon Picking v. Pennsylvania R. Co., 3 Cir., 151 F.2d 240, and McShane v. Moldovan, 6 Cir., 172 F.2d 1016. It is sufficient to say that these cases were carefully considered by us in Kenney v. Fox, supra, wherein we pointed out that the ruling in the Picking case was prior to the decision of the Supreme Court in Tenney v. Brandhove, supra, was contrary to the great weight of authority and was not being followed by us. We also pointed out that the ruling in the McShane case did not involve the question of judicial immunity and, in any event, must yield to the later ruling of the Supreme Court in Tenney v. Brandhove, supra.
 
 
 10
 Appellants, however, contend that the ruling in Kenney v. Fox, supra, is not applicable because the alleged deprivation of rights occurred there in a civil proceeding, while in the present case it arises out of a criminal proceeding. No authority is cited for this claimed distinction. Although the point apparently was not expressly raised, in the following cases we applied the ruling in Kenney v. Fox, supra, to cases arising out of criminal proceedings. Watson v. Skillman, 6 Cir., 234 F.2d 659; Copley v. Sweet, 6 Cir., 234 F.2d 660; Thompson v. Heither, 6 Cir., 235 F.2d 176. In addition, we believe the matter was settled for the present purposes by the following statement of the Supreme Court in Bradley v. Fisher, supra, 13 Wall. 335, 352, 'But if on the other hand a judge of a criminal court, invested with general criminal jurisdiction over offences committed within a certain district should hold a particular act to be a public offence, which is not by the law made an offence, and proceed to the arrest and trial of a party charged with such act, or should sentence a party convicted to a greater punishment that that authorized by the law upon its proper construction, no personal liability to civil action for such acts would attach to the judge, although those acts would be in excess of his jurisdiction, or of the jurisdiction of the court held by him, for these are particulars for his judicial consideration, whenever his general jurisdiction over the subject-matter is invoked.'
 
 
 11
 It is equally well settled that governmental immunity exists with respect to the municipality, City of Mansfield and Village of Butler, in their governmental functions, which has not been abrogated by the Civil Rights Act. Cobb v. City of Malden, 1 Cir., 202 F.2d 701, 703; Agnew v. City of Comption, 9 Cir., 239 F.2d 226, certiorari denied 353 U.S. 959, 77 S.Ct. 868, 1 L.Ed.2d 910; Charlton v. City of Hialeah, 5 Cir., 188 F.2d 421; Aldrich v. City of Youngstown, 106 Ohio St. 342, 140 N.E. 164, 27 A.L.R. 1497; Tenney v. Brandhove, supra, 341 U.S. 367, 71 S.Ct. 783.
 
 
 12
 In case No. 13,228, a constable of the village of Butler was also made a defendant. The constable filed an affidavit against the appellant Smith charging him with passing on the right, which initiated the prosecution. Appellant was not placed in custody by the constable or physically restrained. At the trial the constable testified as a witness. We held in Kenney v. Fox, supra, 232 F.2d 288, 290, that neither an attorney who prepared the papers initiating the prosecution, nor the prosecuting attorney who prosecuted the case, was liable for damages under the Civil Rights Act. The actions of the constable in initiating the prosecution and in testifying did not deprive the appellant of any constitutional right. Nor is he responsible for the subsequent actions and rulings of the judge. Whittington v. Johnston, 5 Cir., 201 F.2d 810, 811-812, certiorari denied 346 U.S. 867, 74 S.Ct. 103, 98 L.Ed. 377, cited by us with approval in Kenney v. Fox, supra, and Barlett v. Weimer, 6 Cir., 244 F.2d 955. Appellant Smith had no cause of action under the Civil Rights Act against the constable.
 
 
 13
 We are not unmindful of the fact that if the allegations of the respective complaints are accepted as true, each of the appellants has been convicted of a criminal offense through judicial proceedings highly irregular and prejudicial in nature for which he seeks redress. Many of the acts and rulings of which they complain constituted proceedings which were subject to review by an appellate court, which, if found to be illegal or prejudicially erroneous, would invalidate the judgment of conviction. Insofar as any individual personal rights have been violated by reason of assault and battery, false imprisonment, slander, or other tort, the present ruling does not dispose of such claims against the individual who may have committed such tort. Agnew v. City of Compton, supra, 9 Cir., 239 F.2d 226, 231. What remedies the plaintiffs have, or should have, is not the question presented by these cases. On the records before us, we think it is clear that they are not entitled to the remedy sought by the present actions.
 
 
 14
 The judgment in each case is affirmed.