Zimmerman, J.
Murdock insists that several errors occurred in the trial court which were prejudicial to him. In our view, the only one deserving attention and comment is the claimed error on the part of the trial court in allowing the prosecutor to ask Murdock on cross-examination and over general objection whether he had “ever been arrested and convicted of driving while intoxicated in the past two years?,” which elicited the answer, “once” in the “Rocky River Municipal Court.”
It is argued that such question was highly improper and prejudicial since “driving while intoxicated” is not a crimen falsi (a crime having the elements of falsehood and fraud), and that to affect credibility only questions covering convictions for major crimes possessing those elements are permissible. In support of such contention reliance is placed on the case of State v. Hickman, supra, which seems to hold that in a prosecution under Section 4511.19, Revised Code, for operating a motor ve *223 hide while under the influence of intoxicating liquor, the accused, for the purpose of testing his credibility, may be interrogated on cross-examination only as to convictions for crimes coming within the designation of the crimen falsi of the common law, and that such cross-examination may not include questions pertaining to a former conviction for violating a city ordinance. The court cited and quoted from Kornreich v. Industrial Fire Ins. Co., 132 Ohio St., 78, 5 N. E. (2d), 153, in which it is stated that the crimen falsi comprehended by the common law pertains to infamous crimes and suggests that the cross-examination of a witness to affect his credibility “should be confined to [his convictions of] those offenses which as a matter of law do affect credibility, viz., treason, felony and crimen falsi.” See, also, Wick & Co. v. Baldwin, 51 Ohio St., 51, 56, 36 N. E., 671, 672.
In the instant case, the previous conviction inquired about was for an offense cognizable by state law, and, since it no where appears that such conviction was not under state law (counsel for the state represents in his brief that it was), we are persuaded that the broader rule and reasoning in the case of Harper v. State, 106 Ohio St., 481, 140 N. E., 364, should be approved and followed here. The first and fifth paragraphs of the syllabus in that case read:
“1. Under Section 13659, General Code, the defendant in a criminal prosecution may be cross-examined as to his conviction of crime under state or federal laws.”
“5. Such inquiries touching former convictions of crime, as affecting the credibility of the witness under above Section 13659, General Code, are not collateral to the inquiry, but directly affect the credibility of the witness.” Compare Hanoff v. State, 37 Ohio St., 178, 41 Am. Rep., 496.
Section 13659, General Code, referred to in the Harper case, is now Section 2945.42, Revised Code, which reads in part:
“No person is disqualified as a witness in a criminal prosecution by reason of his interest in the event thereof as a party or otherwise, or by reason of his conviction of crime. * * * Such interest, conviction, or relationship may be shown for the purpose of affecting the credibility of such witness.” And it is well established that the term, “crime,” includes both misdemeanors and felonies under state laws. State v. Rose, 89 *224 Ohio St., 383, 386, 106 N. E., 50, 51, L. R. A. 1915A, 256, 261; State v. Cameron, 89 Ohio St., 214, 220, 106 N. E., 28, 30; 22 Corpus Juris Secundum, 50, Criminal Law, Section 1; 14 American Jurisprudence, 754, Section 2; and 1 Wharton’s Criminal Law & Procedure (1957), 13, Section 10.
The quoted statute expressly removes the disqualification of a witness convicted of crime to testify and allows the conviction to be shown “for the purpose of affecting the credibility of such witness.” In other words, if the previous conviction was for the transgression of state or federal law, such conviction may be brought out for the purpose stated. In our view, the driving of a motor vehicle while under the influence of intoxicating liquor in violation of the statute on that subject, with its attendant dangers to life, limb and property and the punishment for which may be a substantial fine and imprisonment up to six months, is to be classed as a “crime” contemplated by Section 2945.42, Revised Code, and the Harper case.
It is our opinion on the record that the trial court did not err in permitting over a general objection the question to be asked as to a previous conviction for “drunken driving” and in receiving the answer.
The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Weygandt, C. J., Taet, Matthias, Bell and O’Neill, JJ., concur.
Herbert, J., not participating.