Louella E. PUETT, Plaintiff-Appellant,

v.

CITY OF DETROIT, DEPARTMENT OF POLICE, Ronald Blakely, George T. Murphy, Rene W. Mosgrove, John D. Watts, and Nathaniel Goldstick, Defendants-Appellees.

No. 15170.

United States Court of Appeals Sixth Circuit.

Oct. 25, 1963.

Louella E. Puett, Detroit, Mich., in pro. per.

Robert D. McClear, Asst. Corp. Counsel, and David R. Kaplan, Detroit, Mich., for appellees.

George T. Murphy, John D. Watts and Nathaniel Goldstick, Detroit, Mich., Robert Reese, Corp. Counsel, William P. Doran, Asst. Corp. Counsel, Detroit, Mich., on the brief for City of Detroit, Police Department.

Samuel H. Olsen, Pros. Atty., for Wayne County, Aloysius J. Suchy and David R. Kaplan, Asst. Pros. Attys., Detroit, Mich., on the brief for Rene W. Mosgrove.

Before MILLER and WEICK, Circuit Judges, and PECK, District Judge.

SHACKELFORD MILLER, Jr., Circuit Judge.

Plaintiff-appellant, who claims to be a resident of California, was on October 28, 1959, involved in a traffic violation while operating her automobile in Detroit, Michigan, without having a Michigan Driver's license. She had a California Driver's license, which the arresting officer examined and retained, and shortly thereafter delivered to the Judge of the Traffic and Ordinance Division, Recorder's Court of the City of Detroit, when she was taken to that Court. In the Traffic Court she was charged with operating a motor vehicle without a valid Michigan Operator's license in her possession and with violation of a probation order previously issued in a proceeding against her.

Plaintiff demanded the return of her California Driver's license, which the Judge refused to do. Plaintiff instituted a Replevin action in the Wayne County Circuit Court seeking recovery of the California license. The Corporation Counsel for the City of Detroit advised the Sheriff by letter when he attempted to serve the Writ of Replevin on the Judges of the Court that the California Driver's license was being held as evidence in two pending cases before the court and was therefore not subject to Replevin. Although the judge in the Replevin action ruled that the license was unlawfully retained, the defendants denied possession and the Replevin action was unsuccessful. On June 2, 1960, the license was returned to the plaintiff by the Probation Department by registered mail.

Plaintiff spent eight hours in jail before furnishing bond. The charge of operating a motor vehicle without a Michigan Operator's license is still pending, having been adjourned without date.

Plaintiff filed this action in the District Court on May 24, 1962, against the City of Detroit, Department of Police, Ronald Blakely, who was the arresting police officer, George T. Murphy, Judge of the Traffic and Ordinance Division of the Recorder's Court, who handled the first of the two charges and to whom the California license was originally delivered, Rene W. Mosgrove, the Assistant Prosecuting Attorney, who initiated the charges against the plaintiff, John D. Watts, who as Municipal Judge handled the second of the two charges and issued a warrant of arrest when plaintiff failed to appear in Court, which plaintiff alleges was unlawfully and forcibly served upon her, and Nathaniel Goldstick, who was Corporation Counsel for the City of Detroit. The complaint, seeking damages in the amount of $200,000.00, charges the defendants with having deprived her of rights and privileges secured by the Constitution of the United States and with having conspired to deny her the equal protection of the laws, with particular emphasis on the alleged unlawful seizure and retention of her California Driver's license. Sections 1983 and 1985, Title 42, United States Code, and Section 1343, Title 28, United States Code.

Motions to dismiss the complaint were filed by the defendants and after oral argument the complaint was dismissed by the District Judge, from which ruling the plaintiff appealed.

■ It seems clear that under the principle of judicial immunity no cause of action lies against the Municipal Judges, the Assistant Prosecuting Attorney, and the Corporation Counsel of the City of Detroit. Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 20 L.Ed. 646; Kenney v. Fox, 232 F.2d 288, C.A. 6th, cert. denied, sub. nom. Kenney v. Killian, 352 U.S. 855, 77 S.Ct. 84, 1 L.Ed.2d 66, and sub. nom. Kenney v. Hatfield, 352 U.S. 856, 77 S.Ct. 84, 1 L.Ed.2d 66; Cuiksa v. City of Mansfield, 250 F.2d 700, C.A. 6th.

■ Likewise, it is settled that no cause of action under the statutes relied upon by plaintiff lies against the City of Detroit. Cuiksa v. City of Mansfield, supra, 250 F.2d 700, 703, C.A. 6th; Wise v. City of Chicago, 308 F.2d 364, 366, C.A. 7th.

■ We are also of the opinion that no cause of action under the statutes relied upon lies against the arresting officer, who was not responsible for the alleged illegal actions thereafter on the part of the other defendants. Cuiksa v. City of Mansfield, supra, 250 F.2d 700, 704, C.A. 6th.

■ The appellant in oral argument also claims false arrest and malicious prosecution. But the complaint bases jurisdiction upon Section 1343, Title 28, United States Code, which does not include such alleged torts. Jurisdiction on the basis of diversity of citizenship is not claimed by the complaint or included in the allegations thereof.

The judgment is affirmed.