THE STATE OF OHIO, APPELLEE, *v.* POLLARD, APPELLANT.

(No. 69-220—Decided March 11, 1970.)

172

Mr. *James P. Horn*, for appellant.
Mr. *Joseph R. Grunda*, prosecuting attorney, and Mr. *John J. Lowther*, for appellee.

*Per Curiam.* Pollard insists that several errors occurred in the trial court which were prejudicial to him. However, it appears that the only significant questions which he raises concern (1) the cross-examination of the defendant by the prosecutor concerning prior offenses committed by the defendant and, (2) the prosecutor's argument to the jury.

The defendant asserts that it was prejudicial for the trial court to permit the state to cross-examine the defendant "as to alleged arrests or convictions of misdemeanors violating city ordinance."

An examination of the record reveals that the attorney for the defendant, on direct examination, asked the defendant:

"When is the last time you had a pistol?"

When the defendant replied:

"* * * May 16th in 1953. That was the last pistol I had," his attorney then asked:

"Did you have some trouble as a result of that?"

The defendant replied:

"Well, yes, sir, I did. I had some trouble. I got shot six times. I got shot through the neck."

The prosecutor objected to this evidence concerning the defendant being shot in 1953. The defendant's attorney, however, insisted that he be permitted to continue this line of questioning and the court permitted it.

The defendant then testified that as a result of this "trouble" he had served time in the penitentiary. The defendant's attorney then proceeded to ask him "When did you go to the pen again?"

The defendant answered that, following an armed robbery in Elyria in which he was the victim, he had gone to every police station in Elyria and to the county for help, and that he had been sent to the pen "for cutting a guy" when he was unable to get help from either the city police or the county. The defendant testified further that, when he went to the county for help, "they said 'What did the city tell you?' I said, 'The city said there was nothing they could do about it.' And they [the county] said, 'Well, there ain't nothing we could do about it.' And I cut the guy and they sent me to the pen for concealed weapon."

The defendant's attorney then asked him:

"Did you have any other charge on carrying concealed weapons other than that?"

The defendant replied:

"No. I had other fines, I have paid fines for drunk and I have paid fines like that but as far as stealing or something like that, this is the only conviction, something that I have ever had, something like this."

Pollard contends that the prejudicial error was committed by the trial court when, on cross-examination, the prosecutor questioned him as follows:

"Now, Willie, you also testified here a moment ago you have been in other trouble with the police, right?

"Let me ask you this question. Is it not a matter of fact that you were arrested for misdemeanors since you have been here in the City of Elyria for 19 times?"

His attorney objected and the prosecutor contended that the door had been opened for this question on direct examination by defendant's counsel. Defense counsel stated his position to the court thus:

"He is going back over this. He went over it and he has had the opportunity to ask this question and did ask the question about misdemeanors and he has gone into other materials and now he is coming back to it and I object to it as trying him on other cases."

The court ruled as follows:

"Let me say this to the jury, the defendant volun-

tarily admitted these other prior things and the prosecutor has a right to ask some others that he may have omitted. He having said he had no more of them.

"I can't tell you what the evidence is but understand clearly that what he did in the past doesn't convict him or acquit him on carrying a gun as charged. This only goes to his credibility as a witness."

Defendant's counsel opened this subject on direct examination and insisted, over the objection of the prosecutor, that he be permitted to ask questions in this area. It would be reversible error for the prosecutor to be permitted to ask the defendant concerning arrests, as distinguished from convictions for crimes in violation of state and federal law, had the subject not been opened by the defense counsel.

Upon the record in this case, however, even though it may have been error for the trial court to have required the defendant to answer the prosecutor's questions on cross-examination, the error was not so prejudicial as to require a reversal since the defense opened the subject, the defendant volunteered the information and the court promptly instructed the jury, as quoted above. The defendant can not complain about the prosecutor cross-examining him concerning his past convictions under state law of Ohio and other states because he volunteered this information upon direct examination by his own counsel. *State* v. *Murdock*, 172 Ohio St. 221; *Harper* v. *State*, 106 Ohio St. 481.

The defendant contends that the prosecutor's argument to the jury was prejudicial to him because the prosecutor referred to his prior convictions and to his "arrests in the city of Elyria."

That part of the prosecutor's argument which the defendant contends was prejudicially erroneous is as follows:

"* * * bear in mind he, himself, has told you he has escaped from the penitentiary 14 times.

"What does that mean, ladies and gentlemen of the Jury? He has no respect for the law."

At that point, defendant's counsel objected. The court ruled that at the end of the trial he would instruct the jury on how to treat testimony such as that and stated:

"* * * I think I have several times during the trial. It goes to the credibility of the witness only."

The prosecutor then repeated that the defendant himself had testified from the stand that he had escaped 14 times and repeated, after the objection by defense counsel, that "* * * he has no respect for the law."

Defense counsel objected again. The court ruled that it was comment on the evidence and the prosecutor repeated his remarks again.

Defense counsel made a motion that a juror be withdrawn, which the court overruled. The court then said to the jury:

"Let me say this to the jury again, at the end of this trial the court will properly instruct you as to the former convictions of the defendant to which he himself testified voluntarily. The court will instruct you that it only goes to the credibility of his testimony and not as to whether he is guilty of the charge of carrying concealed weapon."

Defense counsel objected to the ruling and the prosecutor then said to the jury:

"He, himself, testified what happened in 1950. He went to prison. He testified that again in 1954, he went to the penitentiary for carrying a concealed weapon.

"Here is a man that has no respect for the law. He could not deny the fact that he was in addition to being in the penitentiary three times, arrested in the City of Elyria 19 times."

The record shows that the defendant, on direct examination, by his own counsel in answer to a question, volunteered the information that he escaped from the penitentiary 14 times. Prior to the time that he volunteered that information, the prosecutor had objected to the defendant's counsel asking the defendant about the difficulties that he had with the law in years prior to the alleged time of the commission of the offense for which he was being tried. Defense counsel had insisted on the right to

examine him concerning this prior difficulty with the law.

It was error for the prosecutor to argue to the jury concerning "arrests" in the city of Elyria. However, upon the record in this case, it can not be said that such argument was prejudicially erroneous to the defendant.

The judgment of the Court of Appeals is, therefore, affirmed.

*Judgment affirmed.*

O'NEILL, SCHNEIDER, HERBERT, DUNCAN and CORRIGAN, JJ., concur.

TAFT, C. J., dissents.

MATTHIAS, J., not participating.

TAFT, C. J., dissenting. As stated recently by Leach, J., in *State* v. *Hector* (1969), 19 Ohio St. 2d 167, 175, 249 N. E. 2d 912, evidence of prior offenses committed by a defendant is admitted "not *because* the prior acts proved that defendant is crime prone, but *in spite of* such fact." To the same effect, see paragraph two of the syllabus of that case.

In the instant case, such evidence would be admissible, if admissible at all, only as affecting the credibility of defendant as a witness.

However, the prosecutor's argument about that evidence, as described in the majority opinion, represented a vigorous effort to use that evidence "to prove that defendant" was "crime prone." As the majority opinion demonstrates, the prejudicial effect of this effort was emphasized by the repetitions thereof, which were permitted by the trial court.

On the evidence in this case, a jury should have convicted this defendant. However, in view of such arguments by the prosecutor and their apparent approval by the trial judge, it seems to me that defendant did not have a fair trial.