NOSSE *v.* VULCAN BASEMENT WATERPROOFING, INC.

(No. 42466—Decided March 21, 1973.)

Euclid Municipal Court.

*Mr. Ronald Zele*, for plaintiff.
*Mr. Richard F. Patton*, for defendant.

NICCUM, J.   Plaintiff, having read defendant's newspaper advertisement concerning defendant's ability to

waterproof basements, contacted defendant for the purpose of waterproofing her basement. In December, 1971, plaintiff signed a form contract, prepared by defendant, to have her basement waterproofed. Thereafter, defendant's employees appeared on the jobsite and squirted a substance into the ground, around the outside of the plaintiff's house, on the pretense of waterproofing the basement. While on the jobsite, defendant's employees drove a truck across plaintiff's lawn damaging both the lawn and a sprinkler system which plaintiff had installed in the lawn. Following defendant's squirting of the substance around plaintiff's foundation, plaintiff's basement began to leak more than it had previously.

Plaintiff complained to defendant that her basement was leaking more than ever, whereupon defendant pointed out that, by virtue of the form contract, plaintiff would have to agree to additional work at added cost before defendant could honor its guarantee. Thereupon, in January of 1972, plaintiff signed an additional contract upon the same or similar form, prepared by defendant, authorizing additional work at added cost to plaintiff. The basement continued to leak and defendant determined that, rather than attempt to waterproof the basement as it had guaranteed, plaintiff should accept the leakage by having defendant channel it into the basement drain. Defendant refers to this by the fancy title of a floor system. The court finds that this floor system is nothing more than an additional drainage system installed to drain away the water which still leaks through the walls.

Plaintiff, having contracted to have her basement waterproofed, became very unhappy with the continual leaking and, upon advice of counsel, declined to permit defendant to proceed further.

The court finds that the contract form, utilized by defendant, contains four disclaimers of liability. The contract commences with the name, address and phone number of the plaintiff which is followed by two lines of large print. The next paragraph contains the first disclaimer: "Vulcan is not responsible for." The next paragraph contains the second disclaimer: "No action may be main-

tained against Vulcan." This is followed by an open space outlining work to be done and the manner in which the contract price is to be paid. The next paragraph contains the third disclaimer: "If it is necessary to install a Vulcan system * * * the customer is to be charged an additional price * * * if customer refuses, Vulcan will no longer be responsible." The next paragraph, which is entitled "Guarantee," then contains the fourth disclaimer: "We guarantee * * * five years * * * at an additional cost to the customer * * * sump pump * * * at additional cost * * * this guarantee shall become effective upon customer's full compliance with above stated payment terms."

The court finds, as to the question of damages, that plaintiff paid the sum of two hundred dollars down to defendant for which plaintiff has received nothing but additional damage to her property. While plaintiff testified as to considerable damage to her property, nevertheless plaintiff failed to produce testimony regarding the measure of damages to her property other than the two hundred dollars given as a down payment as hereinbefore stated.

The court, after having fully considered the commercial setting, purpose and effect of defendant's operation, pursuant to R. C. 1302.15(B), and fully recognizing the rule that the contract must be most strongly construed against the party preparing it, we find that the contract prepared by defendant, in the within cause, is unconscionable in its entirety as being against public policy and, as such, the court finds that it is not enforceable. The facts of this case are very similar to the facts of *Meyer* v. *Packard Cleveland Motor Co.* (1922), 106 Ohio St. 328 and the court relies greatly upon the law of this case.

The court further finds, upon the complaint, that, in addition to the two hundred dollars paid by plaintiff to defendant, for which plaintiff received only further damages in return, plaintiff has been nominally damaged. For this reason, the court finds that plaintiff should recover damages against defendant in the sum of two hundred and six dollars and costs. The court finds that defendant's counterclaim is without merit and based upon an unconscionable contract.