B. F. JONES v. W. C. LOVING ET AL.

MUNICIPAL CORPORATION — *Liability of officers for passage of ordinances.*

Where the officers of a municipal corporation are invested with legislative powers, they are exempt from individual liability for the passage of any ordinance within their authority, and their motives in reference thereto cannot be inquired into; nor are they individually liable for the passage of any ordinance not authorized by their powers, for such ordinance is void, and need not be obeyed or respected by any one.

ERROR to the Circuit Court of Copiah County.

Hon. S. S. CALHOON, Judge.

The case is stated in the opinion of the court.

*L. O. Bridewell*, for the plaintiff in error.

1. The power exercised by the aldermen in passing the ordinance complained of was unlawful, and not within the scope of their authority under the Charter of the town; and, therefore, the corporation was in nowise responsible for such ordinance. The aldermen alone, as private citizens, are amenable to any one injured by their unauthorized act. Every such body as the aldermen of this town, having authority specially defined, act at their peril; and if they exceed the scope of their authority, they make themselves trespassers. 2 Hill. on Torts, sec. 5; *Blood* v. *Sayer*, 17 Vt. 609; *Cable* v. *Cooper*, 15 Johns. 157; *Smith* v. *Shaw*, 12 Johns. 257. Corporations must legislate within the scope of the authority granted them, or the legislation will be void. 1 Dill. on Mun. Corp., sec. 55, and notes thereto. Aldermen of a town are *quasi* civil officers of government, and as such are liable for any oppression, or any abuse of trust; and if injury arises therefrom, an action is maintainable. *Cantrine* v. *Clark*, 41 Barb. 629; *Henly* v. *Mayor, etc.*, 5 Bing. 107; *Ready* v. *Mayor, etc.*, 6 Ala. 327.

2. The passage of this ordinance by the aldermen, without the participation, and against the protest, of the mayor, and without authority of the Charter, is *prima-facie* evidence of malice, a fraud on the rights of the mayor, and a gross abuse of office. *The Commonwealth* v. *Rodes*, 6 B. Mon. 171. The

malice in such cases, intended by law, does not necessarily mean actual malice, but may be inferred from a gross abuse of charter powers. 2 Hill. on Torts, ch. 28, sec. 12. Officers of municipal corporations are liable for torts. 1 Dill. on Mun. Corp., sec. 176 ; *Osgood* v. *Blake*, 1 Fost. 550 ; *Perry* v. *Buss*, 15 N. H. 222. Officers of a corporation passing an ordinance not within the scope of their powers can be sued for acts done under it. 1 Dill. on Mun. Corp., sec. 353. And the good faith of officers in passing such ordinance may be inquired into. *State* v. *Cincinnati Gas Co.*, 18 Ohio St. 262.

*Benj. King, Jr.*, for the defendants in error.

The act incorporating the town of Beauregard gave the " Board of Mayor and Aldermen " of said town full legislative power over the subject-matter of the ordinance complained of by the plaintiff in error. But no reported case can be found in which the members of the Legislature of a state, or even the officers of a municipal corporation, were sued for legislative acts, whether they were unconstitutional, oppressive, malicious, or corrupt. *Freeport* v. *Marks*, 59 Pa. St. 257 ; *Baker* v. *The State*, 27 Ind. 485 ; *County Comrs.* v. *Ducket*, 20 Md. 468 ; *Weaver* v. *Devendorf*, 3 Denio, 117 ; *Pike* v. *Megam*, 44 Mo. 491. That judicial officers are not liable for errors of judgment is a proposition too well settled to be argued here.

2. Salaries, fees, and perquisites of officers are not protected by the provisions of the Constitution of the United States in relation to the impairing of contracts. Hence, a town legislature, unless restricted by charter, or by the Constitution, may change salaries, fees, etc., at their pleasure. *The Commonwealth* v. *Bacon*, 6 Serg. & R. 322 ; *The State* v. *Smedes & Marshall*, 4 Cushm. 47.

3. If the plaintiff has been aggrieved by the ordinance in question, his action lies against the town of Beauregard, and not against the late members of the town legislature. There is no precedent for a case like this one. There are many cases in which suits have been brought against the " selectmen " of certain towns, but it will be found, upon examination, that the

suits were so brought because that was the corporate name of the town sued.

CHALMERS, J., delivered the opinion of the court.

The plaintiff, late mayor of the town of Beauregard, brings this suit against the defendants, late aldermen of said town, to recover from them, individually, damages alleged to have been sustained by him from the passage by them of an ordinance which, as he alleges, "unlawfully and maliciously deprived him of his legal rights, fees, privileges, and emoluments, and of his office of mayor as aforesaid."

It is impossible to perceive upon what theory such a suit can be maintained. If the ordinance was within the authority of the board, certainly the individual members of it cannot be made personally liable for a mistaken exercise of their powers; nor is it possible in such a case to inquire into the motives which prompted their action. By the 3d section of the Charter of the town, the board are constituted a legislative body, and given power " to make all needful laws and ordinances for the good government of said town and its inhabitants."

It certainly cannot be argued that the motives of the individual members of a legislative assembly, in voting for a particular law, can be inquired into, and its supporters be made personally liable, upon an allegation that they acted maliciously towards the person aggrieved by the passage of the law. Whenever the officers of a municipal corporation are vested with legislative powers, they hold and exercise them for the public good, and are clothed with all the immunities of government, and are exempt from all liability for their mistaken use. 1 Am. Ld. Cas., side p. 653; *County Comrs.* v. *Ducket,* 20 Md. 469; *Borough of Freeport* v. *Marks,* 9 Pa. St. 253.

If, on the contrary, the aldermen of the town of Beauregard exceeded the measure of their authority in passing the ordinance in question, it was a mere *brutum fulmen,* and could not for one moment have deprived the plaintiff of any of the

privileges, emoluments, or fees of his office. If he chose voluntarily to yield obedience to a void law, it was his own folly, for which the courts can afford him no relief by awarding damages against the individuals voting for the ordinance.

Judgment sustaining demurrer to declaration affirmed.