CASE 77—ACTION BY ARIS WIGGINS FOR HIMSELF AND OTHER TAX-
PAYERS OF NICHOLAS COUNTY IN THE NAME OF THE COMMON-
WEALTH ON THE OFFICIAL BOND OF JOHN C. KENNEDAY, A MAGIS-
TRATE AND MEMBER OF THE FISCAL COURT OF SAID COUNTY TO
RECOVER TAXES ILLEGALLY ASSESSED BY SAID COURT.—SEPT 22.

## Commonwealth for, &c. v. Kenneday.

APPEAL FROM NICHOLAS CIRCUIT COURT—J. J. OSBORNE, CIRCUIT JUDGE.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS.    AFFIRMED.

FISCAL COURT—LEVYING TAXES—LIABILITY FOR EXCEEDING CONSTITU-
TIONAL LIMIT.

The magistrates of a county, who, *ex officio*, constitute the
fiscal court, in levying taxes as such court act in a legislative
capacity, so that they are not liable on their official bonds for
levying a tax in excess of the constitutional limit.

WINFIELD BUCKLER, ATTORNEY FOR APPELLANTS.

1. The lower court erred in deciding that the fiscal court is a
legislative body and that its members were legislators. The
Legislature could not have delegated such power to that court
if it had so desired. Cooley's Con. Limitation, 87; Am. & Eng.
Ency. Law (1st Ed.), vol. 3, p. 681; Am. & Eng. Ency. Law
(2d Ed.), vol. 6, p. 1010; Cooley's Con. Lim. (6th Ed.), pp. 131,
133; Constitution, sec. 29; Anderson's Law Dictionary, 611;
Throop on Public Officers, sec. 709; Am. & Eng. Ency. Law (1st
Ed.), vol. 25, p. 239, note 1; Slaughter v. Louisville, 89 Ky., 121;
Constitution, sec. 175; Jernigan v. City of M., 102 Ky., 313;

Commonwealth for, &c. v. Kenneday.

Am. & Eng. Ency. Law (1st Ed.), vol. 25, pp. 181, 239; Bates, &c. v. Speed, 10 Bush, 646; Constitution, sec. 144; Am. & Eng. Ency Law (2d Ed.), vol. 18, p. 822; Baltimore v. Keely, 81 Md., 106; Williams v. Arapachee Co., 23 Col., 87; The Auditor v. Howard, &c., 14 Bush, 147; Com. v. Weiler, 14 Bush, 218; Slack v. M. & L. R. R., 13 B. Mon., 22; Marshall, &c. v. McDaniel, 12 Bush, 378; Cooley on Taxation (2d Ed.), 41, 43; Constitution, secs. 27, 28.

2. Appellee, as justice of the peace, is liable to appellants in damages occasioned by his exceeding his jurisdiction in making the order of June, 1897. Stephenson v. Wilson, 24 Ky. Law Rep., 1832; Perrill v. Pettit, 3 Met., 314; Dizon v. Cooper, 109 Ky., 30; Glazar v. Hubbard, 102 Ky., 70; Blinco v. Head, 103 Ky., 109; Kentucky v. Irrill, 3 Ky., 498; Am. & Eng. Ency. of Law (2d Ed.), vol. 17, 730; Throop on Public Officers, sec. 723; Mechem on Public Officers, sec. 630; Shearman & Redfield (3d Ed.), 171; Osgood v. Clark, 6 Foster, 307; Allen v. Archer, 49 Maine, 346; Perry v. Buss, 15 N. H., 222; Newman's Pleading and Practice, 162; Jaggard on Torts, vol. 1, secs. 210, 213; Sallard v. Jones, 5 Bush, 90; Bouvier Just., vol. 3, 564; Mechem on Public Officers, sec. 642; Anderson's Law Dictionary, 79; Cooley on Taxation, 794, 789; Am. & Eng. Ency. of Law (1st Ed.), vol. 25, p. 475, note 1; Am. & Eng. Ency. of Law (2d Ed.), vol. —, p. 238; Whaley v. Commonwealth, 110 Ky., 154; Eli v. Thompson, 3 A. K. M., 985; Mechem on Public Officers, sec. 901; Com. for use, &c., v. Stone, 24 Ky. Law Rep., 1297; Hale v. Ames, 2 T. B. M., 143; Jaggard on Torts, vols. 210, 213; Newman on Pleadings & Practice, 157; Ency. of Prac. & Plead., note 4, pp. 807, 808; Hutchins v. Pulaski Co., 11 Ky. Law Rep., 117; Piper v. Pearson, 61 Am. Dec., 440; Clark v. May, 61 Am. Dec., 470; Kelly v. Bemis, 64 Am. Dec., 50; State v. Shacklet, 37 Mo., 280; Vaughn v. Coughdon, 48 Am. Rep., 758; Am. & Eng. Ency. of Law, vol. 17, 1058; Joske v. Irvin, 43 South W. R., 280; Am. & Eng. Ency. of Law, vol. 12 (2d), 777; Stacks v. Simmons, 58 S. W. R., 958; Am. & Eng. Ency. (2d), vol. 18, 47.

MORGAN & HUGHES, ATTORNEYS FOR APPELLEE.

POINTS AND AUTHORITIES CITED.

1. The levy of taxes is legislative and the fiscal court acted in a legislative capacity in making the levy. Pennington v. Woolfolk, 79 Ky., 16; McLean Co. Precinct v. Dep. Bank of Owensboro, 81 Ky., 254; C. N. O. & T. P. v. Com., 81 Ky., 492; Muhlenberg Co. v. Morehead, 20 Ky. Law Rep., 376; Ky. Constitution, secs. 27 and 28; Fleming v. Dyer, &c., 20 Ky. Law Rep., 689; Cooley on Taxation, pp. 546, 547.

2. The legislator or member of the fiscal court is not liable
in damages for his deliberations and conclusions, etc. Ky. Stat-
utes, chap. 52, secs. 1839, 1840; Ky. Statutes, sec. 1836; Ky. Stat-
utes, secs. 1842, 1843; Mechem on Public Officers, sec. 644;
Cooley on Torts, (1 Ed.), 276; Jones v. Loving, 55 Miss. 109, 30
Am. Rep., 508; Baker v. State, 27 Ind., 485; County Commrs. v.
Duckett, 20 Md., 469, 83 Am. Dec., 557; Mechem on Public Offi-
cers, sec. 646; 1 Am. Lead. Cas. Marg. p. 653; Borough of Free-
port v. Marks, 59 Penn. St., 253; Throop on Public Officers, sec.
709.

2. Neither the magistrate nor his sureties on his bond as
justice of the peace are liable in damages for the act of voting
the levy complained of. Ky. Statutes, sec. 1833; Com. use, &c.
v. Stone, &c., 24 Ky. Law Rep., 1297; Whaley, &c. v. Com. Use,
&c., 23 Ky. Law Rep., 1292.

OPINION OF THE COURT BY JUDGE SETTLE—AFFIRMING.

Appellant Aris Wiggins, for himself and in behalf of all
taxpayers of Nicholas county, brought this action in the
court below to recover of appellee and the sureties on his
official bond as magistrate about $4,000, amount of taxes
paid by the taxpayers of the county to the sheriff under il-
legal levies made by the fiscal court, of which appellee was
a member, at its April and June terms, 1897. It is alleged
in the petition that the above amount is made up of 9
cents on each $100 worth of taxable property in the county
of Nicholas in the year 1897, and was levied by the fiscal
court in excess of the constitutional limit, which is only 50
cents on the $100 worth of property. It is also alleged that
the tax thus illegally levied was by order of the fiscal
court collected by the sheriff from appellant and the other
taxpayers of the county, and no part of same has been re-
paid to them; that the sheriff is insolvent, and that it has
been held by this court that the sureties in his official bond
are not liable for the tax thus wrongfully collected by him.
It is further alleged in the petition that appellee and other
members of the fiscal court exceeded their authority, and

were without jurisdiction to levy the 9 cents tax on each
$100 worth of taxable property collected by the sheriff, for
which reasons it is claimed appellee and associate justices
of the peace composing the fiscal court are individually liable,
and should be made to pay appellant and other taxpayers
the amounts thus wrongfully collected of them. A demurrer
was filed to the petition, which the lower court sustained, and
appellant failing to plead further, his petition was dismissed.

It is contended for appellant that the levies made by the
fiscal court were judicial acts; that the members of that
court are judicial officers, justices of the peace; and further,
that an action may be maintained against such officers by
the party injured for official acts exceeding their jurisdiction,
though done neither maliciously nor corruptly. The demur-
rer was sustained by the lower court upon the ground that in
making the levies the fiscal court acted in a legislative ca-
pacity, for which reason no legal responsibility can be fasten-
ed upon its members for the errors complained of. We think
this view of the matter sustained by the weight of authority.
Thus, in Pennington v. Woolfolk, 79 Ky., 16, 3 R., 42, it
is said: "The power to impose taxes is legislation, and can
not be conferred under our Constitution upon a strictly ju-
dicial tribunal or officer. . . . The power to assess prop-
erty for taxation—that is, to apportion the tax upon the
property upon which the Legislature has imposed it—is not
judicial, and can no more be conferred upon a judicial tribu-
nal than the power to levy taxes." To the same effect is
the opinion in McLean County Precinct v. Deposit Bank, etc.,
81 Ky., 254, 5 R., 97. And in Muhlenberg County, etc., v.
Morehead, 46 S. W., 484, 20 Ky. Law Rep., 376, and Fleming
v. Dyer, etc., 47 S. W., 444, 20 Ky. Law Rep., 689, this doc-
trine seems to be accepted as fundamental. It is also said
in Cooley on Taxation (pages 546, 547) : "And in the case

of local taxation there must commonly be two distinct acts of legislation: First, that by the State giving the power to tax, and, second, that by the local Legislature, or quasi legislative authority, levying the tax under the power so given." It seems to be equally well established that the legislator or officer who acts in a quasi legislative capacity is not liable in damages for his official acts. Under the Kentucky Statutes of 1903 (chapter 52), the fiscal court is composed of the magistrates of the county and the county judge. They are required to meet in a body to levy taxes and appropriate funds for the needs of the county. Their every act must be the recorded result of their collective and deliberative exercise of statutory powers. They can only act when a quorum is present, which, as provided by section 1837 of the statute, supra, is a majority of the members of the fiscal court.

In Mechem on Public Officers (section 644) it is said: "Legislative officers are not liable for their legislative acts. . . . The performance of their duties is owing to the public, to the community at large, and not to individuals, and they would certainly perform their duties in a timid and time-serving manner, if indeed they would undertake their performance at all, if every dissatisfied person could compel them to vindicate the wisdom of their enactments in an action for damages." It will be found that the following authorities are in line with the doctrine as thus announced: Cooley on Torts, 276; Jones v. Loving, 55 Miss., 109, 30 Am. Rep., 508; Baker v. State, 27 Ind., 485; County Com'rs. v. Duckett, 20 Md., 468, 83 Am. Dec., 557. It is further said by Mechem (section 646): "This immunity is not confined to members of national and State Legislatures, but extends to the protection of the members of the inferior legislative bodies, such as boards of supervisors, county commissioners, city councils, and the like." The following quotation from

Commonwealth for, &c. v. Kenneday.

Jones v. Loving, supra, aptly illustrates the reason for the rule in question: "It certainly can not be argued that the motives of the individual members of a legislative assembly, in voting for a particular law, can be inquired into, and its supporters be made personally liable, upon an allegation that they acted maliciously toward the person aggrieved by the passage of the law. Whenever the officers of a municipal corporation are vested with legislative powers, they hold and exercise them for public good, and are clothed with all the immunities of government, and are exempt from liability for their mistaken use. . . . If, on the contrary, the aldermen of the town of Beauregard exceeded the measure of their authoriy in passing the ordinance in question, it was a mere *brutem fulmen*, and could not for one moment have deprived the plaintiff of the privileges, emoluments, or fees of his office. If he chose voluntarily to yield obedience to a void law, it was his own folly, for which the court can afford him no relief by awarding damages against the individuals voting for the ordinance."

The magistrates of a county, when assembled as a fiscal court, do not act as conservators of the peace, or in the performance of any judicial function appertaining to the office of justice of the peace. They are by statute ex officio members of the fiscal court, the duties there performed by them are statutory, extra duties, quasi legislative in character, and not such as are required of them as judicial officers, therefore, for error or mistake in the performance of these legislative duties they nor the sureties in their official bonds, are liable in an action for damages.

We conclude, therefore, that the lower court did not err in sustaining the demurrer, and the judgment is therefore affirmed.