Robinson, J.
The action below was a joint one against the members of' the council of the village of Hicksville as individuals and William Purdy. The court of appeals affirmed the judgment of the court of common pleas as to the councilmen and reversed the judgment as to Purdy. Two separate petitions in error were here filed, one by the village of Hicksville against the members of the council as individuals, the other by Purdy against the village of Hicksville, and they were docketed here as distinct cases. Both cases will be considered in this opinion.
An examination of the petition discloses that the village of Hicksville during the summer of 1914, while the bonds were in process of sale, had contracted with the Johnson Construction Company for the improvement of the streets mentioned in the petition; that by reason of the stringency of the money market incident to the world war no bids were received by the clerk for the purchase of the bond issue in question; that on account of the financial stringency the council deemed it necessary to offer a commission to encourage the sale of bonds; that the contract for which the bonds were issued had been completed to such an extent that there existed .a valid debt against the village in favor of the contractors; that in order to secure a market *516 for the bond issue the council authorized the payment of the sum of $2400 to William Purdy to cover the cost of attorney’s fees, commission and other expenses to be incurred by Purdy in securing a buyer for the bond issue.
It was conceded in argument that the petition did not charge the councilmen with having received any portion of the $2,309.40, or with any purpose to act other than in the best interest of the village, but it is claimed that by reason of the statement in the report of the bureau of inspection and supervision of public offices, that “The officials having full knowledge that the transaction was contrary to the provisions of law, did. deliberately, wilfully and knowingly divert, appropriate and apply funds, or a part of the funds raised by taxation, or otherwise, and use the same for a purpose other than for which the money was raised and the fund created,” the court may not look beyond that statement to determine whether the petition states a cause of action, that by a demurrer to the petition the defendants for the purposes of the demurrer admit the truth of every material averment of the petition. It does not follow, however, that where a petition states the facts upon which it bases a conclusion the demurrer admits the correctness of such conclusion, and a court, while accepting the aver-ments of facts as true, will consider the conclusions with reference to the facts there stated, and the petition having disclosed that the bonds in question were regularly authorized, regularly advertised, and regularly offered at public sale, that no bids were received by reason of the stringency of the *517 money market, that on account of such stringency the council deemed it necessary to offer a commission to secure the sale of the bonds, that the contract for the payment of which the bonds were issued had been completed to such an extent that there existed a valid debt against the village, disclosed a state of facts consistent with the good faith of the members of the council in their attempt to discharge their obligation to keep the streets of the village safe for travel; and the element of corruption or bad faith is negatived by such facts.
The demurrer then presents the square question whether a councilman acting in good faith who votes for an unauthorized and therefore void and illegal resolution or ordinance thereby becomes liable to the village for such sum as may thereafter be paid under the supposed authority of such void resolution or ordinance. That legislative officers are not liable personally for their legislative acts is so elementary, so fundamentally sound, and has been so universally accepted, that but few cases can be found where the doctrine has been questioned and judicially declared.
In the case of Jones v. Loving, 55 Miss., 109, the supreme court of Mississippi held: “Where the officers of a municipal corporation are invested with legislative powers, they are exempt from individual liability for the passage of any ordinance within their authority,' and their motives in reference thereto cannot be inquired into; nor are they individually liable for the passage of any ordinance not authorized by their powers, for such ordinance *518 is void, and need not be obeyed or respected by any one.”
In the case of Russell v. Tate, 52 Ark, 541, the supreme court of Arkansas held that although members of a town council are not liable for the exercise of their discretion in voting upon measures before them, yet where they vote an appropriation for their own benefit, which is paid, the transaction is a conversion of trust funds, and in the opinion the court uses this language: “As against the liability of these defendants, it is contended that a City Council-being in some sort a legislative body, its members are not liable for the erroneous exercise of their discretion in voting upon measures before them. This is true.” (Citing Jones v. Loving, supra, and Borough of Freeport v. Marks, 59 Pa. St., 253.)
The exercise of discretion by a village councilman in voting for a resolution or an ordinance void by reason of a statutory limitation upon the power of the council is no different from the exercise of discretion by a member of the general assembly in voting for a statute void by reason of a constitutional limitation upon the power of the general assembly, yet no one would claim that a legislator would be liable either in his official or in his individual capacity for the exercise of his judgment and discretion in voting for such void statute. It is apparent that the action of council in providing by resolution a plan for the disposition of the bonds in question, which they had been unable to dispose of in the regular.way, was legislative in its nature, it being an attempt to enact the necessary legisla *519 tion to make lawful that which was theretofore unlawful; and the fact that it was ineffective in the accomplishment of its purpose does not make it any the less legislative in its nature, and this is the more apparent • when the reason why it is ineffective is considered, to-wit, because the general assembly had by legislation provided a plan for the sale of municipal bonds which the municipality was bound to follow, and with which the scheme adopted by the municipality was inconsistent. We see no reason for applying a different rule to a municipal legislator, who, in good faith, exercises his discretion in voting for a resolution void because of legislative limitations upon his power, than is applied to a state legislator exercising his discretion in voting for a statute void by reason of a constitutional limitation upon his power.
Much stress is laid by counsel for the village upon Section 3 of the resolution of September 7, 1914, which reads: “That in no event shall any personal responsibility or liability attach to or be recoverable against the officers who have executed this resolution for and on behalf of the village of Hicksville, Ohio.” The contention is made that this section amounts to. an admission by the members of the council voting for the resolution that they knew that their action with respect to the contract with Purdy was illegal, and, therefore, evinced bad faith. Granting the construction of counsel for the village to be the correct construction of this section, the authorities go so far as to hold that the motive of the legislator in the exercise of his discretion cannot be questioned. We, however, do not find the *520 language of this section to be inconsistent with an honest desire on the part of the members of the council, to honestly discharge their duties as councilmen, and are of opinion that it was no more than an extraordinary attempt on their part to emphasize the fact that they were acting in the matter officially and not in their individual capacity.
The legislation of council of -November 16, 1914, attempting to authorize the payment of the commission to Purdy out of the sinking fund, being an attempt to do a thing expressly prohibited by statute, was absolutely void for that reason and for the further reason that the statute authorizing the sale of bonds at private sale expressly provides that such sale be “under the directions of the mayor and the officers and agents of the corporation by whom such bonds have been, or may be, prepared, advertised and offered at public sale.” This court in the case of State, ex rel. Zielonka, City Solicitor, v. Carrel, Auditor, ante, 50, held that where the statute makes it the duty of an .officer to do a certain thing council is without authority to provide for the payment of another to perform the service which the official duty of . the officer required of him. The trustees of the sinking fund in the payment of such commission were in no different situation by reason of such legislation than they would have been had no such legislation been attempted, and, indeed, the facts as disclosed by the petition would indicate that little reliance was placed upon such legislation, for the statement of the amounts paid by the village to Purdy discloses that $1600 of the commission had been paid by the *521 trustees of the sinking fund prior to the adoption of such legislation. The legislation of council in this respect was not effective to authorize the trustees of the sinking fund to draw a warrant upon that fund nor to authorize the payee to receive the money upon such warrant. The trustees of the sinking fund and the payee of the warrant were bound to know all the statutory limitations upon the power of the council, including the limitations upon its power to contract to pay a commission to an agent for the sale of its bonds, and the limitation upon its power to authorize the payment of such commission out of the sinking fund.
The judgment of the court of appeals will be affirmed in both cases.

Judgments affirmed.

Marshall, C. J., Johnson, Jones and Matthias, JJ., concur.
Hough, J., concurs in propositions 1, 2 and 3 of the syllabus and in the judgment in cause No. 16601.
Wanamaker, J., concurs in the judgment in cause No. 16643.