**John M. RAY, Plaintiff-Appellant,**

v.

**Earl HUDDLESTON, John Sloan and Frank Summers, Defendants-Appellees.**

**No. 15368.**

United States Court of Appeals
Sixth Circuit.

Jan. 14, 1964.

Douglas E. Robertson, Bowling Green, Ky. (Duncan & Allender, Bowling Green, Ky., on brief), for appellant.

Paul R. Huddleston, Bowling Green, Ky. (Huddleston & Huddleston, Bowling Green, Ky., on brief), for appellees.

Before O'SULLIVAN, Circuit Judge, and McALLISTER and MAGRUDER, Senior Circuit Judges.

PER CURIAM.

Appellant, John M. Ray, sued appellee Earl Huddleston, claiming that the latter, a county judge of the county of Clinton, Kentucky, had invaded Ray's civil rights by imprisoning Ray for contempt of court. He justifies his presence in the Federal courts by asserting that the Civil Rights Statutes (§§ 1983, 1985, U.S.C.A. Title 42; § 1343, U.S.C.A. Title 28) permit him to come here.

Upon trial of the cause, a verdict was directed in favor of defendant Huddleston, and judgment entered thereon. Ray asks for a new trial.

Ray had been acting as the Administrator of the Clinton County War Memorial Hospital. By action of the Clinton County Fiscal Court, Ray's position as such was to be terminated on February 2, 1962. He disputed the validity of

such action. When Ray's successor sought to take over the office and authority of administrator of the hospital, Ray resisted. His resistance was not limited to written or verbal protest. On the day his successor was to take over, Ray arrived at his previous post of duty ready to hold it against intrusion by his successor. He proceeded to do so. Confusion in the administration of the hospital ensued and its good order and the welfare of its patients were seriously impaired. Described events could, and probably did, amount to a breach of the peace. This condition continued for some days.

 Through official sources, reports of this situation came to Earl Huddleston, as judge of the County Court of Clinton County. Acting under § 25.150 of Kentucky Revised Statutes[1] and under Section 32 of the Kentucky Code of Practice in Criminal Cases,[2] Judge Huddleston, on February 7, 1962, convened a court of inquiry and summoned Ray to appear. Ray appeared with counsel and, on this appeal, it is not disputed that, by demeanor and words, he publicly displayed his contempt for the authority and person of Judge Huddleston. Ray was summarily committed to jail for six hours. On this appeal, appellant's attack on the action of the county judge is his contention that the judge was without jurisdiction to conduct the court of inquiry and, therefore, was without authority to punish Ray for contempt. We are of the opinion that the county judge had authority to convene and conduct the court of inquiry and, incident thereto, to impose punishment for contemptuous conduct committed in his presence. Bryant v. Crossland (Ky. 1918), 182 Ky. 556, 206 S.W. 791. Cf. Johnson v. MacCoy, 278 F.2d 37 (CA 9, 1960).

---

1. KRS 25.150 provides: "The county judge is a conservator of the peace within his county, may administer oaths and may exercise all the power of a justice in penal and criminal proceedings, and singly hold a court of inquiry in such proceedings."

 A more detailed discussion of the facts and issues involved in the case before us will be found in the opinion of District Judge Mac Swinford denying Ray's motion for new trial. The opinion is reported as Ray v. Huddleston, 212 F.Supp. 343. (W.D.Ky.1963) We agree, also, with that opinion's holding that judicial immunity foreclosed a judgment of liability against appellee Huddleston for his conduct of the proceedings of the court of inquiry.

Judgment affirmed.

---

2. Criminal Code § 32 provides: "A magistrate, if satisfied that any public offense has been committed, shall have power to summon before him any person he may think proper for examination on oath concerning it, to enable him to ascertain the offender, and to issue a warrant for his arrest."