J. W. LYNCH, Plaintiff,

v.

Joe E. JOHNSON III, George B. Goodykoontz and Estel Senn, Defendants.

No. 1875.

United States District Court
E. D. Kentucky,
Lexington Division.

Oct. 11, 1968.

Weldon Shouse, Lexington, Ky., for plaintiff.

Hurst & Burnett, Lexington, Ky., for defendant Joe Johnson III.

Allen, Duncan & Arnold, Lexington, Ky., for defendant Goodykoontz.

Gerry Calvert, Lexington, Ky., for defendant Senn.

## MEMORANDUM AND ORDER

SWINFORD, Chief Judge.

This action was brought under Sections 1983 and 1985 of Title 42, United States Code. The defendants are (1) the County Judge of Fayette County, (2) a member of the Fayette County Fiscal Court, and (3) the Chief of the Fayette County Patrol.

The Complaint alleges, in substance, that the defendant, Joe E. Johnson III, as County Judge and presiding officer of the Fayette County Fiscal Court, had the plaintiff, a member of the Fiscal Court, forcibly removed from a meeting of the Fiscal Court and lodged in jail, in violation of his civil rights; that the defendant, Estel Senn, forcibly removed him from the meeting at the direction of defendant, the County Judge; and that this occurrence was the result of a conspiracy among all three defendants. The Amendment to Complaint alleges violations of plaintiff's civil rights by the defendant, Joe E. Johnson III, pursuant to a conspiracy, in his conduct of a court of inquiry at which plaintiff testified under subpoena.

Under Kentucky law, the county judge is, among other things, the presiding officer of the county's Fiscal Court. KRS 67.040(2). Sections 27 and 28 of the Kentucky Constitution provide that the powers of the government are divided into three distinct departments and require that the powers be kept separate. The Fiscal Court is a constitutional court created by that part of the constitution designated "Judicial Department". Ky.Const. 144. Hence, the conduct of the County Judge in presiding over the Fiscal Court is a judicial act.

 The doctrine of judicial immunity from civil liability is well established. See Bradley v. Fisher, 13 Wall. 335, 80 U.S. 335, 20 L.Ed. 646. It is a salutary principle, necessary to preserve the integrity and independence of the judiciary and to insure that judges will act of their own free, unbiased convictions, uninfluenced by fear of being harassed by vexatious actions. 30A Am.Jur., Judges, Section 73. It protects judges of courts of inferior jurisdiction as well as those exercising general jurisdiction, and it has not been abrogated by the Civil Rights Act, 42 U.S.C. § 1981 et seq. Cuiksa v. City of Mansfield, 6 Cir., 250 F.2d 700, cert. denied 356 U.S. 937, 78 S.Ct. 779, 2 L.Ed. 2d 813; Ray v. Huddleston, D.C.Ky., 212 F.Supp. 343, affirmed 6 Cir., 327 F.2d 61. Consequently, the defendant, Joe E. Johnson III, is immune from liability for the acts alleged in the Complaint and Amendment to Complaint unless there is no plausible basis for his jurisdiction. Ray v. Huddleston, supra.

 Section 67.040(2) of the Kentucky Revised Statutes provides that the county judge, as presiding officer of the Fiscal Court, may imprison for contempt of court, and Section 25.150 gives a county judge authority to hold a court of inquiry. It is not the province of this court, in the action now before it, to examine in detail the jurisdiction of the defendant, Judge Johnson. Therefore, I do not hold that the acts of the said defendant were within his jurisdiction but I do hold that the above mentioned sections of the Kentucky Revised Statutes provide a plausible basis for his jurisdiction. Because he was not clearly without power, the said defendant is protected by the doctrine of judicial immunity.

 The other defendants were allegedly acting and conspiring with the County Judge to aid him in conduct which was not clearly beyond his jurisdiction, and they cannot be found liable independently of him. Ray v. Huddleston, 212 F.Supp. at 346.

It is ordered that the Complaint and Amendment to Complaint be dismissed for failure to state a claim upon which relief can be granted.