**J. W. LYNCH, Plaintiff-Appellant,**

v.

**Joe E. JOHNSON, III, George B. Goody-koontz and Estel Senn, Defendants-Appellees.**

**No. 19296.**

United States Court of Appeals
Sixth Circuit.

Jan. 8, 1970.

Weldon Shouse, Lexington, Ky., for appellant.

Thomas H. Burnett, Lexington, Ky., Hurst & Burnett, Joseph Arnold, Gerry Calvert, Lexington, Ky., on brief, for appellees.

Before EDWARDS, CELEBREZZE and PECK, Circuit Judges.

EDWARDS, Circuit Judge.

This is an appeal from a dismissal of a complaint filed by appellant in the United States District Court for the Eastern District of Kentucky. The complaint was brought under the Civil Rights Acts, 28 U.S.C. § 1343 (1964) and 42 U.S.C. §§ 1983 and 1985 (1964). The District Judge dismissed the complaint on motion and without trial, holding that it failed to state a cause of action in that the acts of the principal defendant were protected by the doctrine of judicial immunity.

Appellant's complaint alleged in part:

"4. The plaintiff states that the defendant, Joe E. Johnson III, this plaintiff, the defendant, George B. Goodykoontz, and another member of the Fayette County Fiscal Court duly convened and commenced a regular meeting of said court on August 13, 1968, and together constituted all the members of said court, which is a legislative and administrative body under the laws of Kentucky. The defendant, Joe E. Johnson, III, while purporting to act as the presiding officer of said meeting of said court, caused this plaintiff, without right or legal justification, to be forcibly removed from said Fiscal Court meeting and to be lodged in the Fayette County Jail where he remained for a period of time, and was only released after a writ of habeas corpus had been issued by a Judge of the Fayette Circuit Court.

"5. Plaintiff states that while trying to speak and perform his duties as a member of said court, he was physically removed from said court by the defendant, Estel Senn, the Chief of the Fayette County Patrol, who physically took hold of and removed this plaintiff from the Fayette County Fiscal Court without right or authority and lodged him in the Fayette County Jail without right or authority.

\* \* \* \* \* \*

"7. It was the plan and purpose of the conspiracy that the defendants, Johnson, Goodykoontz and Senn, would forcibly and physically remove this plaintiff from attendance at the regular Fiscal Court meeting and to deny to him his right to participate in discussion and debate concerning matters vital to the people of Fayette County, and by such removal, silence his voice and deny him the right of assembly and vote, all to his damage as hereinafter set out.

"8. Plaintiff further states that on the 13th day of August, 1968, at Lexington, Kentucky, he was unlawfully and maliciously assaulted by the defendant, Estel Senn, at the direction of the defendant, Joe E. Johnson III, by seizing him and with violence forcing him along the public streets of Lexington, Kentucky, under arrest and in custody, to the common jail of this said County, and then and there imprisoned and detained this plaintiff without any reasonable or probable cause whatsoever, all contrary to law, against his will and all to his damage as hereinafter set out."

Appellee Johnson's answer admitted only that appellant Lynch was a member of the Fayette County Fiscal Court, "was acting as such at all times pertinent to this cause of action," and that the Fayette County Fiscal Court was "a legislative and administrative body under the laws of Kentucky." Appellee denied all other allegations of the complaint and moved to dismiss it because it failed to state "a claim upon which relief can be granted."

Neither defendant Johnson, nor the other defendants pled any affirmative defense. The District Judge granted the motion to dismiss the complaint for fail-

ure to state a claim upon which relief could be granted. He noted that Kentucky statute KRS § 67.040(2) (1962) (which provides contempt power for the county judge, or justice presiding in his place, as presiding officer of the Fiscal Court) furnished "a plausible basis for his jurisdiction." He held as a matter of law that defendant Johnson's acts (and hence, those of his co-defendants) were entitled to the defense of judicial immunity.

We vacate the judgment and remand for trial. Absent the legal defense relied on by the District Judge, we feel that the above recital from appellant's complaint states a cause of action for conspiracy to deprive appellant of his freedom without due process of law, and for depriving him of same in violation of 42 U.S.C. § 1983 (1964). Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); McShane v. Moldovan, 172 F.2d 1016 (6th Cir. 1949); Hoffman v. Halden, 268 F.2d 280, 292–293 (9th Cir. 1959).

■ The defense of judicial immunity is, as the District Judge's opinion indicated, a very broad one—and appropriately so. Bradley v. Fisher, 80 U.S. 335, 20 L.Ed. 646 (1871); Pierson v. Ray, *supra*; Cuiksa v. City of Mansfield, 250 F.2d 700 (6th Cir. 1957), cert. denied, 356 U.S. 937, 78 S.Ct. 779, 2 L.Ed.2d 813 (1958); Owen v. Kronheim, 113 U.S.App.D.C. 81, 304 F.2d 957 (1962). But it does not afford any protection to a judge acting in clear absence of jurisdiction. Bradley v. Fisher, *supra*; Manning v. Ketcham, 58 F.2d 948 (6th Cir. 1932). Nor does it protect him in non-judicial activities. Robichaud v. Ronan, 351 F.2d 533 (9th Cir. 1965); Bauers v. Heisel, 361 F.2d 581 (3d Cir. 1966), cert. denied, 386 U.S. 1021, 87 S.Ct. 1367, 18 L.Ed.2d 457 (1967). A judge does not cease to be a judge when he undertakes to chair a PTA meeting, but, of course, he does not bring judicial immunity to that forum, either.

We recognize also that the Kentucky Constitution, statutes and case law all employ the term "court" in describing the county legislative and administrative body. Constitution of Kentucky § 144 (1962); KRS § 67.080 (1962).

We also recognize that the County Judge, a judicial officer, is ex officio the presiding officer of the Fiscal Court and that a Kentucky statute gives him contempt power to "preserve order." KRS § 67.040(2) (1962).

■ But a county "Fiscal Court" in the State of Kentucky is certainly not an ordinary judicial tribunal. As defendant Johnson's answer concedes, the powers delegated to the Fiscal Court by the Kentucky Statutes appear to be entirely legislative and administrative powers. KRS § 67.080 (1962); Commonwealth v. Kenneday, 118 Ky. 618, 82 S.W. 237 (1904). *See also* Ex parte Rowland, 104 U.S. 604, 613, 26 L.Ed. 861 (1881).

In the *Rowland* case the Supreme Court in describing a county board very similar to the Kentucky "Fiscal Court" said:

"The court of county commissioners, while called a 'court,' is in fact the board of officers through whom the affairs of the county are managed. The duties of this board, at least so far as this case is concerned, are administrative, not judicial. The county is a body corporate, and the court its governing body. The judge of probate is *ex officio*, a member of this body. In performing his duties in that capacity he acts not as a judge of probate, but as county commissioner." Ex parte Rowland, supra at 613.

■ We believe that the pleadings in this case cannot be read as revealing that defendant Johnson was performing any judicial act during the meeting of the Fayette County Fiscal Court, or that he was at that time entitled to the defense of judicial immunity. In these determinations, of course, dealing with a suit under the Civil Rights Acts we apply a federal rather than a state stand-

ard. Nelson v. Knox, 256 F.2d 312 (6th Cir. 1958).

■ Possibly, of course, trial of this case may show that defendant Johnson's actions were entitled to the defense of official immunity, which, as applied to local legislative bodies, is somewhat less encompassing than that of judicial immunity.[1]

■ We desire to intimate no view at all on the merits of this controversy. All we hold is that it is not ripe for decision on the pleadings. As we see the matter, if at hearing plaintiff proves that defendant Johnson had him put in jail as a result of a conspiracy to "deny him the right of assembly and vote" as a member of the Fiscal Court, such action would plainly be beyond "the sphere of legitimate legislative activity." Tenney v. Brandhove, 341 U.S. 367, 376, 71 S.Ct. 783, 788, 95 L.Ed. 1019 (1951), and beyond "the outer perimeter" of the presiding officer's line of duty, Barr v. Matteo, 360 U.S. 564, 575, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959).

On the other hand, if a defense of official immunity is pled, the proofs may show that the actions complained of were within the sphere of defendant's authority to "preserve order"[2] and were taken in good faith. Nelson v. Knox, 256 F.2d 312, 315 (6th Cir. 1958). See also Barr v. Matteo, 360 U.S. 564, 79 S.Ct. 1335 (1959); Pierson v. Ray, 386 U.S. 547, 555–557, 87 S.Ct. 1213, 18 L.Ed. 288 (1967), and 40 Notre Dame Law. 70, 77 (1964). Such facts would establish defendant's entitlement to the defense of immunity as the presiding officer of a local legislative body.

Dealing with a somewhat similar problem and reaching the same general result we reach, the Fifth Circuit said:

"For full and able discussions of the exemption vel non of public officers from liability under the civil right acts, because of the discretionary nature of their duties, see the recent cases of Tenney v. Brandhove, 341 U.S. 367, 71 S.Ct. 783, 95 L.Ed. 1019; Morgan v. Sylvester, 2 Cir., 220 F.2d 758, affirming D.C., 125 F.Supp. 380; Francis v. Lyman, 1 Cir., 216 F.2d 583; Dunn v. Gazzola, 1 Cir., 216 F.2d 709, and Cobb v. City of Malden, 1 Cir., 202 F.2d 701, 706; see also, Gregoire v. Biddle, 2 Cir., 177 F.2d 579. We need not, however, explore that difficult and important field of law upon the present appeal, further than to say that a quasi-judicial officer, such as a prosecuting attorney, who acts outside the scope of his jurisdiction and without authorization of law, cannot shelter himself from liability by the plea that he is acting under color of office. Cooper v. O'Connor, 69 App.D.C. 100, 99 F.2d 135, 138, 118 A.L.R. 1440; 43 Am.Jur., Public Officers, § 277." Lewis v. Brautigam, 227 F.2d 124, 55 A.L.R.2d 505 (5th Cir. 1955).

See also Robichaud v. Ronan, 351 F.2d 533, 537 (9th Cir. 1965).

Closer, perhaps, to the facts of our instant case is the following comment from the opinion of Justice Potter Stewart when he was a member of the United States Court of Appeals for the Sixth Circuit:

"In the light of the relevant federal decisions, we cannot agree that members of a municipal legislative body share the complete immunity from liability which is enjoyed by judges and state legislators.

\* \* \* \* \* \*

"It is our opinion that the defendants in this case were not clothed with complete immunity but enjoyed instead a qualified privilege. As to the nature

---

1. Compare Bradley v. Fisher, 80 U.S. 335, 20 L.Ed. 646 (1871), with Nelson v. Knox, supra. See Note 40 Notre Dame Law. 70, 77 (1964).

2. "The county judge, or the county judge pro tem or justice presiding in his place, shall preserve order, and may fine and imprison for contempt of court in the same manner as the presiding judge of the county court." KRS § 67.040(2) (1962).

and extent of the privilege, we are content to accept the well considered views of Chief Judge Magruder, shared by Judge Woodbury, as expressed in Cobb v. City of Malden, [1 Cir., 1953, 202 F.2d 701]:

"Drawing upon general principles of common law, Judge Magruder wrote:

" 'Hence I take it as a roughly accurate generalization that members of a city council, and other public officers not in the exceptional category of officers having complete immunity, would have a qualified privilege, giving them a defense against civil liability, for harms caused by acts done by them in good faith in performance of their official duty as they understood it. [citing cases] But on ordinary principles of the law of torts, I think that members of a city council would be liable in damages for pecuniary harm to a plaintiff intentionally inflicted by action, under color of official authority, which the defendants subjectively realized would result in depriving the plaintiff of a right or privilege secured by the Constitution of the United States.' " Nelson v. Knox, 256 F.2d 312, 314–315 (6th Cir. 1958).

■ Appellant by amendment to his complaint also seeks damages for defendant Johnson's conduct of a Court of Inquiry at which, subsequent to the arrest related above, he was summoned to appear. As to this phase of the complaint, we feel that dismissal was proper. The conducting of a Court of Inquiry was under color of the judicial authority of the county judge under Kentucky law. KRS § 25.150 (1962); Bryant v. Crossland, 182 Ky. 556, 206 S.W. 791 (1918).

■ The dismissal of those portions of the amended complaint charging abuse of plaintiffs' rights by Judge Johnson's acts in conducting the Court of Inquiry is affirmed. Ray v. Huddleston, 212

F.Supp. 343 (W.D.Ky.1963), aff'd, 327 F.2d 61 (6th Cir. 1964).

The judgment of the District Court is affirmed in part and reversed in part and remanded for further proceedings consistent with this opinion.